# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re<br><br>KRISTIN J. KNOTTS, | Chapter 13<br>Case No. 06-11888-RS |

### MEMORANDUM OF DECISION AND ORDER ON
### MOTION OF JAN W. WHITING, SPECIAL MASTER, FOR RELIEF FROM STAY

The Court has considered the relief from stay motion of Jan W. Whiting as Special Master under a pre-petition probate court appointment ("Motion") ("Appointment Order"), the Debtor's opposition thereto, and the record of the case. Based on the foregoing, the Court finds as follows:

1. Notwithstanding the Appointment Order, the Debtor retains an equitable interest in the Scituate property that is the subject of the Motion and the Appointment Order ("Property").

2. The Debtor's equitable interest in the Property is property of the within bankruptcy estate. See 11 U.S.C. § 541.

3. The Debtor has claimed an exemption in respect of the Property.

4. The Property is subject to certain non-consensual liens and encumbrances which the Debtor disputes.

5. The Debtor seeks to sell the Property in accordance with applicable bankruptcy rules affording and preserving competitive bid, counter-offer, deposit, and disclosure protections for the estate.

6. A prompt sale of the Property in accordance with such rules is in the best interests of the estate, its creditors and the Debtor.

## **ORDER**

Accordingly, the Court orders as follows:

1. The Stay Motion is denied.

2. The Special Master is hereby ordered to deliver to the Debtor any property of the Debtor (including the Property) in his possession, custody or control. See 11 U.S.C. § 543.

3. The Debtor is hereby ordered to proceed with a sale of the Property (including the Debtor's legal and equitable interests therein) in accordance with applicable bankruptcy rules.

4. The sale of the Property hereunder shall be free and clear of any liens, encumbrances and interests, and the Debtor shall hold the proceeds of such sale pending further order of the Court except that the Debtor may use such proceeds to pay off any consensual mortgages with respect to which there is no dispute regarding the validity, perfection, or enforceability of such mortagages and the payoff amount thereof.

5. The Debtor shall promptly file with the Court a copy of the November 29, 2005 Probate Court order that occasioned the Appointment Order.

6. If the Debtor has not closed a sale of the Property before September 30, 2006, the Special Master may renew the Stay Motion.


Date:  August 2, 2006            /s/ Robert Somma
                                 Robert Somma
                                 United States Bankruptcy Judge


cc:  Mr. Jan W. Whiting, Esq.
     Norman Novinsky, Esq., for Debtor
     Chapter 13 Trustee